IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Dwayne Brown, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Anderson County Sheriff's Department, ) <br> U.S. Government, South Carolina ) <br> Judicial System, Anderson County ) <br> Detention Center, Judge Dennis ) <br> Bannister, Judge Gambrell, Belton City ) <br> Police Department, Ross Richey, Mayor) <br> Elavor Dorn, R. J. Brown, Officer Iacono,) <br> Officer Coon, Deputy Wagner, Ryan ) <br> McCall, City of Belton, Allen Sims, ) <br> Anderson County, State of South ) <br> Carolina, Williamston Police ) <br> Department, Brent Brooks, Officer ) <br> West, Officer White, Officer Carter, ) <br> SWAT Team, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 8:24-cv-4392-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Tommy Dwayne Brown's pro se ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 11, 2024, the Magistrate Judge issued an order informing Plaintiff that his amended complaint was subject to dismissal as drafted and providing him time to file a second amended complaint to correct the identified deficiencies. (ECF No. 12.) When Plaintiff failed to file a second amended complaint, the Magistrate Judge issued a

report and recommendation ("Report") on October 9, 2024, outlining the issues and recommending that the Court dismiss this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order. (ECF No. 17.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 17), and for the reasons set forth by the**

**Magistrate Judge in his Report, the Court dismisses this action with prejudice, without further leave to amend, and without issuance and service of process.**

   **IT IS SO ORDERED.**

                     /s/Bruce H. Hendricks
                     United States District Judge

October 31, 2024
Charleston, South Carolina